UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE STRINGER,

        Petitioner,                    Case No. 22-cv-11963
                                                   Hon. Matthew F. Leitman

v.

MCDONOLD, et al.,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING
## DUPLICATIVE COMPLAINT WITHOUT PREJUDICE

Dwayne Stringer, currently released on parole under the supervision of the Michigan Department of Corrections (MDOC), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Stringer's complaint is duplicative of a previously filed civil rights complaint and will be dismissed on that basis.

Stringer names seven MDOC employees as defendants. He alleges that, on an unspecified date, defendant Lennox hit him in his right eye fifteen times, then started choking him. (Compl. at 5, ECF No. 1, PageID.12.) Defendant Ford joined in by bending Stringer's finger back and forth and kicking him. (*Id.* at 14.) Stringer states that defendant Shaver sprayed his penis with pepper spray and then placed him in a five-point restraint for 22 hours. (*Id.*) He claims that defendants Fyre, King, Shefield, and McDonold also physically assaulted him. (*Id.* at 14-15.) It is unclear

from the face of the complaint when these assaults allegedly occurred or whether they all occurred at the same time.

Stringer previously filed another lawsuit against all but one (McDonold) of the same defendants named in this action.[1] *See Stringer v. M. Lennox Biford, et. al.*, Case No. 22-cv-11261 (E.D. Mich.). That action is now pending before the Hon. Gershwin A. Drain. In that action, Stringer claims that Defendants violated his "civil rights," and he makes largely the same factual allegations as he does in the case before this Court. *See Stringer*, Case No. 22-cv-11261, Compl. at 4-5 (ECF No. 1, PageID.4-5).

As a general rule, when duplicative lawsuits are pending in separate federal courts, "the entire action should be decided by the court in which an action was first filed." *Smith v. Securities and Exchange Commission*, 129 F. 3d 356, 361 (6th Cir. 1997). A duplicative suit is one in which the issues "have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Id.* A district court "has broad discretion in determining whether to dismiss litigation or abstain in order to avoid duplicative proceedings." *In re Camall Co.*, 16 F. App'x 403, 408 (6th Cir. 2001) (citing *In Re White Motor Credit*, 761 F.2d 270, 274-75

---

[1] The spelling of Defendants' names in the earlier-filed action differ slightly but the context makes it clear that these are the same individuals. In addition, Fyer (spelled Fyre in this complaint), King, and Sheildfield (Shefield) appear as a single defendant on the docket for case no. 22-11261, and although apparently named as a defendant, Ford is omitted from the case caption. (*See* ECF No. 1, PageID.3.)

2

(6th Cir. 1985)). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and to protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir.1991).

A determination in the earlier-filed civil rights action would leave little or nothing to be determined in this action. Accordingly, this case is duplicative of the earlier-filed action and is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 14, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 14, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126